```
 1                     UNITED STATES DISTRICT COURT
                           DISTRICT OF COLORADO
 2

 3   UNITED STATES OF AMERICA,    .   Case No. 20-cr-00305-DDD
                                  .
 4              Plaintiff,        .
                                  .
 5   vs.                          .
                                  .
 6   MICHAEL AARON TEW,           .   901 19th Street
     KIMBERLEY ANN TEW, also      .   Denver, CO  80294
 7   known as Kimberley           .
     Vertanen, and JONATHAN K.    .
 8   YIOULOS,                     .
                                  .
 9              Defendants.       .
                                  .   February 9, 2021
10   . . . . . . . . . . . . . . .   2:09 p.m.

11         TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
              KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:           United States Attorney
14                                By:  Hetal J. Doshi*
                                  By:  Matthew T. Kirsch*
15                                1801 California Street
                                  Suite 1600
16                                Denver, CO  80202
                                  (303) 454-0100
17
     For the Defendant,           Michael J. Tallon, P.C.
18   Jonathan K. Yioulos:         By:  Michael J. Tallon*
                                  45 Exchange Boulevard
19                                Suite 500
                                  Rochester, NY  14614
20                                (585) 329-8139

21   Also Present:                Jonathan K. Yioulos
                                  Angela Ledesma
22
     Court Recorder:              Clerk's Office
23                                U.S. District Court
                                  901 19th Street
24                                Denver, CO  80294

25   *All appearances telephonic.
```

```
 1  Appearances continued:

 2  Transcription Service:         AB Litigation Services
                                   216 16th Street, Suite 600
 3                                 Denver, CO  80202
                                   (303) 296-0017
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

3

```
 1                    (Time noted:  2:09 p.m.)
 2              THE COURT:  Case number 20-cr-00305, United States
 3  of America versus Jonathan K. Yioulos.
 4              Let's have counsel enter appearances, please.  Go
 5  ahead.
 6              MS. DOSHI:  Thank you, Your Honor.  Good
 7  afternoon.  Hetal Doshi and Matthew Kirsch, for the United
 8  States.
 9              THE COURT:  Good afternoon.
10              MR. TALLON:  Good afternoon, Magistrate Judge.
11  Michael Tallon for Mr. Yioulos.
12              THE COURT:  Good afternoon.  Mr. Yioulos, can you
13  hear me?
14              MR. YIOULOS:  I can.
15              THE COURT:  All right.  Sir, you're here for an
16  initial appearance.
17              I need to inform you of the charges against you,
18  and the rights that you have in this Court.
19              You have been charged with 1 count of conspiracy
20  to commit wire fraud, and 38 counts of wire fraud.
21              On the conspiracy count, the penalty is not more
22  than 20 years imprisonment, not more than a $250,000.00 fine,
23  or two times the gain or loss, whichever is greater, or both
24  imprisonment and a fine, not more than three years of
25  supervised release, and a $100.00 special assessment fee.
```

1             On the wire fraud counts, for each count, the
2  penalty is not more than 20 years imprisonment, not more than
3  a $250,000.00 fine, or two times the gain or loss, whichever
4  is greater, or both imprisonment and a fine, not more than
5  three years of supervised release, and a $100.00 special
6  assessment fee.
7             Do you understand the general nature of the
8  charges against you?
9             MR. YIOULOS:  I do.
10            THE COURT:  Sir, you have the right to remain
11 silent.  You do not need to speak to anyone about the
12 circumstances that brought you to Court today.
13            If you do choose to speak to someone other than
14 your attorney about those circumstances, what you say can and
15 probably will be used against you in Court.
16            If you are questioned by the police or law
17 enforcement, you have the right to refuse to answer
18 questions.
19            You also have the right to insist that a lawyer be
20 present with you during questioning.
21            If you choose to remain silent, your silence
22 cannot be used against you in Court.
23            Do you understand your right to remain silent?
24            MR. YIOULOS:  I do.
25            THE COURT:  All right.  You also have the right to

1   an attorney.  And if you cannot afford an attorney, I will
2   appoint one for you at no cost to you.
3              Are you seeking appointment of an attorney by the
4   Court today, or have you retained your own counsel?
5              MR. YIOULOS:  I have retained my own counsel.
6              THE COURT:  All right, thank you.
7              MR. TALLON:  Judge?
8              THE COURT:  Yes?
9              MR. TALLON:  For the record, I am provisionally
10  retained, and I expect the paperwork that's necessary for me
11  to announce to the Court I'm fully retained will be in place
12  no less than 10 days from now.
13             THE COURT:  All right, thank you.
14             I understand from the Government that the
15  Government would like to proceed to an arraignment and
16  discovery conference and detention hearing this afternoon.
17             Mr. Tallon, is the Defendant in agreement with
18  that?
19             MR. TALLON:  Yes, Judge.  Thank you.
20             THE COURT:  All right, thank you.  With respect to
21  the arraignment, how does your client plead?
22             MR. TALLON:  Not guilty.
23             THE COURT:  Does he waive any further reading of
24  the charges and advisement of rights?
25             MR. TALLON:  We do.

```
 1                THE COURT:  Thank you.
 2                MR. TALLON:  We waive those readings.
 3                THE COURT:  The not guilty plea is received.
 4                Speedy trial dates, counsel, 30 days if March 11,
 5   2021; 70 days is April 22, 2021.
 6                I have the discovery conference memorandum and
 7   order.  I note that counsel had been through it and have
 8   signed it.
 9                I have a disclosure date for the Government of
10   March 5, 2021.  Mr. Tallon, how much time would the Defendant
11   like for disclosures?  Is four weeks sufficient?
12                MR. TALLON:  That will be sufficient, Judge.
13                THE COURT:  All right, thank you.  I'll write that
14   in and I will sign the discovery order and make it an order
15   of the Court effective today.
16                That leaves the issue of detention.  Is the
17   Government seeking detention?
18                MS. DOSHI:  We are not, Your Honor.  We believe
19   there are conditions or a combination of conditions that will
20   insure the appearance of the Defendant, and the Defendant
21   does not pose a danger or risk to the community.
22                If I may, I -- probation has prepared a report,
23   and the Government is largely in agreement with the
24   recommendations of probation, with two primary areas where we
25   respectfully disagree and have a different recommendation for
```

1  the Court.
2         The first is the amount of the unsecured bond.
3         It is the Government's position, just taking a
4  broader view with the other co-Defendants in this case and
5  the conduct in this case, and particularly the fact that the
6  Government is not seeking location monitoring, which I'll
7  address in just a moment with respect to this particular
8  Defendant, that the amount of $40,000.00 is more appropriate
9  for an unsecured bond with respect to this Defendant.
10         That is twice the amount that co-Defendant,
11 Michael Aaron Tew, has.  But Mr. Tew has location monitoring,
12 as the Court is aware.
13         We think the location monitoring in the form of
14 GPS or home detention is not appropriate or necessary here to
15 insure the Defendant's future appearance, because, as the
16 Court is aware from the pre-trial services report, this
17 Defendant doesn't have any travel documents.
18         He has another area of concern with other
19 Defendants, potentially the access to non-traditional forms
20 of financial instruments.  Based on our investigation to-
21 date, this Defendant does not have those types of assets, and
22 certainly not in the amount or the complexity that other co-
23 Defendants have.
24         And then, significantly, this Defendant, from the
25 moment he was approached by law enforcement, has cooperated

1   and has been responsive through counsel at every opportunity.
2   And so he has established a track record that also suggests
3   that he is not a flight risk.
4           He is a life-long resident of the State of New
5   York.  And as noted in the pre-trial services report, he has
6   no history of international travel beyond the country of
7   Canada.
8           So we think that a $40,000.00 unsecured bond,
9   which, again, is an amount that's twice as much as another
10  co-Defendant, is balanced well against the lack of risk with
11  respect to the need for location monitoring, which is why
12  that is our recommendation to the Court.
13          And then the second area of disagreement with
14  probation with respect to conditions, concerns the additional
15  conditions of release which are found in paragraph W through
16  AA.
17          It appears that probation is not recommending that
18  Mr. Yioulos' employment be approved in advance by the
19  supervising officer.
20          We think that in light of the circumstances that
21  are alleged in this particular indictment where Mr. Yioulos
22  was a controller at the victim company where this fraud was
23  perpetrated, that it is important that his employment be
24  approved in advance by the supervising officer, but also the
25  conditions W, X, Y, Z, and AA, which all concern management

1   of money and representations to third party with respect to
2   the risk occasioned by Mr. Yioulos, the allegations against
3   Mr. Yioulos, would be appropriate here.
4           I had flagged for counsel for Mr. Yioulous that
5   the Government intended to seek these conditions, as well, so
6   this is not a surprise to the Defendant.
7           So we would respectfully ask that the
8   recommendation of probation be entered, except in the
9   situation of the $40,000.00 unsecured bond, and then also
10  that the Court would enter conditions W, X, Y, Z, AA, and T.
11          I'm happy to answer any questions the Court may
12  have.
13          THE COURT:  Thank you.  Is the Government
14  requesting that the Defendant be ordered to participate in a
15  program of in-patient or out-patient substance abuse therapy
16  and counsel, if directed by the pre-trial services officer or
17  supervising officer?
18          MS. DOSHI:  I didn't see that, Your Honor.
19          THE COURT:  That's why I asked.
20          MS. DOSHI:  We are not seeking that.
21          THE COURT:  It's on my form.  But the Government
22  is not making that recommendation?
23          MS. DOSHI:  No, Your Honor, we are not.
24          THE COURT:  The Government -- all right.  It looks
25  like the rest of the recommendations that are checked on the

1  form that I have are fairly straightforward.  I don't have
2  questions about the remainder of them.
3          Mr. Tallon, does the Defendant want to address
4  conditions of release?
5          MR. TALLON:  Judge, thank you.  I did discuss with
6  the Government the additional terms of release that have been
7  put on the record by Ms. Doshi.  We don't have any objection
8  to those under the circumstances of these charges, nor the
9  increase of the unsecured bond, for the reasons that are
10 stated.  They were discussed with us before.
11         THE COURT:  All right, thank you.  The Court takes
12 judicial notice of the pre-trial services report.  I will
13 find that there is a combination of conditions that I can
14 impose that will reasonably assure the Defendant's appearance
15 in Court in the future, as well as the safety of the
16 community.
17         Mr. Yioulos, I need to make sure you understand
18 the conditions of your release, and that you promise to obey
19 the conditions of release, to appear as directed, and to
20 surrender to serve any sentence imposed.
21         I also must assure that you are giving me
22 permission to sign the bond documents on your behalf,
23 indicating that you make those promises.
24         Do you understand, sir?
25         MR. YIOULOS:  I do.

1          THE COURT:  All right.  The conditions of release
2    are:
3          This is a $40,000.00 unsecured bond.  You must not
4    violate a Federal, State, or local law while on release.
5          You must cooperate in the collection of a DNA
6    sample, if that is authorized under the law.
7          You must advise the Court or the pre-trial
8    services officer or supervising officer, in writing, before
9    you make any change to your residence or your phone number.
10         And you must, of course, appear in Court as you
11   are directed to appear.
12         You must submit to supervision by the United
13   States Probation Office located here in Denver, or as
14   directed by the U.S. Probation and Pre-Trial Services Office
15   located in Buffalo, New York.
16         You must continue or actively seek employment.
17         You must surrender any passport to the U.S.
18   District Clerk's Office within two business days.
19         You may not obtain a passport or other
20   international travel document.
21         Your travel is restricted to the State of New York
22   and to or from Colorado, solely for Court purposes, unless
23   you get permission from the Court to travel elsewhere.
24         You must avoid all contact, directly or
25   indirectly, with any person who is or who may be a victim or

 1  witness in the investigation or prosecution, including all
 2  co-Defendants.
 3            You may not possess a firearm, destructive device,
 4  or another weapon.
 5            You may not use alcohol excessively,
 6            You may not use or unlawfully possess a narcotic
 7  drug or other controlled substances.  And that includes
 8  marijuana.
 9            You must not act as an informant for any law
10  enforcement agency without prior permission from the Court.
11            Your employment must be approved in advance by the
12  supervising officer.
13            You must provide verification of any income or
14  funds received.
15            You shall provide access to any financial records
16  requested by the supervising officer.
17            You shall not commingle personal and business
18  funds.
19            You shall not register any business entities
20  without prior disclosure to the supervising officer.
21            You shall notify the supervising officer of the
22  registration of any business entities by your family members.
23            You shall notify third parties of risks that may
24  be occasioned by your personal history or characteristics,
25  and shall permit the probation officer to make such

1  notifications and to confirm your compliance with the
2  notification requirement.
3              You shall not conduct any financial transactions
4  through the financial account of any business entity not
5  previously disclosed to the supervising officer, or through
6  any other individuals' financial account.
7              You shall not solicit or receive money from third
8  parties without prior approval by the supervising officer.
9              Sir, do you understand the conditions of your
10 release?
11             MR. YIOULOS:  I do.
12             THE COURT:  And do you authorize me to sign the
13 bond paperwork acknowledging that you promise to obey these
14 conditions, to appear as directed, and to surrender to serve
15 any sentence imposed?
16             MR. YIOULOS:  Yes, I do.
17             THE COURT:  All right, thank you.  I'll do that.
18 Give me one moment.
19         (Pause)
20             THE COURT:  All right.  I have signed the bond
21 paperwork.
22             Is there anything further from the Government with
23 respect to Mr. Yioulos this afternoon?
24             MS. DOSHI:  No, thank you, Your Honor.
25             THE COURT:  Thank you.  And, Mr. Tallon, anything

1  further from Defendant?
2           MR. TALLON:  Just briefly, Judge.  We had conveyed
3  to probation officer Anderson travel with family to visit
4  family in Florida.  All of the details have been provided to
5  Mr. Anderson, so I assume that the Court will get them and
6  review them.
7           THE COURT:  Yes.  Generally the way we handle
8  that, Mr. Tallon, is to file a motion to travel.  And if you
9  do so, the Court will take a look at it.  And, of course, I
10 may ask the Government's position with respect to travel, as
11 well.
12          But that's the way to handle that.
13          MR. TALLON:  Very well, Judge.  Thank you.
14          THE COURT:  Thank you.  And, of course, counsel
15 will check with Judge Domenico's Chambers for additional
16 dates with respect to Mr. Yioulos' case.
17          And we are in recess with respect to Mr. Yioulos.
18          Thank you.
19          MR. TALLON:  Thank you, Judge.
20          MS. DOSHI:  Thank you, Your Honor.
21          MR. YIOULOS:  Thank you.
22          MR. TALLON:  Be well.
23          THE COURT:  Thank you.  You too.
24                  (Time noted:  2:21 p.m.)
25                          * * * * *

15

1                          CERTIFICATE

2       I, RANDEL RAISON, certify that the foregoing is a

3  correct transcript from the official electronic sound

4  recording of the proceedings in the above-entitled matter, to

5  the best of my ability.

8  _____          May 13, 2021

9  Randel Raison