IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW,
KIMBERLEY ANN TEW,
**JONATHAN K. YIOULOS**,

    Defendants.

## ORDER GRANTING MOTION TO CONDUCT CHANGE OF PLEA HEARING BY VIDEO TELECONFERENCE AND RESETTING THE HEARING DATE

Before the Court is Defendant's Motion to Conduct Change of Plea by Video Conference Pursuant to Section 15002(b)(2) of the CARES Act (Doc. 140) and Motion to reset the change of plea hearing (Doc. 145). The Court GRANTS the motion to conduct the change of plea remotely and sets Defendant's change-of-plea hearing to be conducted by video teleconference ("VTC"), or by telephone conference if VTC is not reasonably available. The Court also GRANTS IN PART the motion to reschedule the hearing and RESETS the Change of Plea hearing to November 18, 2021.

Defendant moves for a reset his change of plea hearing to November 19. The Court instead resets it to November 18. This change is required to finalize details of the plea agreement. This extension allows the parties to fully negotiate the terms of the plea agreement and allows the Defendant to receive full benefit of his Counsel's representation.

Although a brief delay to allow these negotiations is appropriate and beneficial, an indefinite delay risks prejudicing the Defendant.

On March 13, 2020, the President of the United States declared a national emergency pursuant to the National Emergencies Act, 50 U.S.C. §§ 1601-51, in response to the COVID-19 pandemic. *See* Donald J. Trump, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak* (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak.

On March 27, 2020, Congress passed and the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act authorized the Judicial Conference of the United States to provide authority to chief district judges to permit certain criminal proceedings to be conducted by VTC or telephone conference. *See* CARES Act § 15002(b).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to CARES Act Section 15002(b), that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally." *Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

On April 6, 2020, Philip A. Brimmer, Chief Judge of the United States District Court for the District of Colorado, issued District Court

General Order 2020-4, authorizing the use of VTC, or telephone conferencing if VTC is not reasonably available, for the events listed in CARES Act Section 15002(b)(1), and specifically finding pursuant to CARES Act Section 15002(b)(2) that that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. CARES Act Findings Re Crim. Proc., Dist. Ct. Gen. Order 2020-4, http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-4_CARES_Act_Findings.pdf. Pursuant to CARES Act Section 15002(b)(3), Chief Judge Brimmer has extended those findings multiple times, most recently in General Order 2021-11, which extends General Order 2020-22 to December 9, 2021. Extension of CARES Act Findings Re Crim. Proc., Dist. Ct. Gen. Order 2021-11, http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-11_CARES_Act_Extension.pdf.

Pursuant to CARES Act Section 15002(b)(2)(A), this Court finds that the change-of-plea hearing in this case cannot be further delayed without serious harm to the interests of justice. Defendant states that he resides in Buffalo, New York, and his counsel resides in Rochester, New York, and waiting until at least 2022 when travel could be conducted safely would certainly adversely impact Defendant Yioulos in this criminal proceeding." (Doc. 140 at 2-3.) The pandemic continues to cause ongoing disruptions to court operations, and the Court cannot continue the hearing indefinitely. For these specific reasons, and given the need for speedy and efficient administration of justice, the Court finds that Defendant's change-of-plea hearing cannot be further delayed without serious harm to the interests of justice.

Pursuant to CARES Act Section 15002(b)(4), Defendant consents, after consultation with counsel, to conducting the change-of-plea hearing by VTC or telephone conferencing. (*Id.*)

Accordingly, it is ORDERED that:

Defendant's Motion to Conduct Change of Plea by Video Conference Pursuant to Section 15002(b)(2) of the CARES Act (Doc. 140) is GRANTED, and the Motion to reschedule the Change of Plea Hearing (Doc. 145) is GRANTED IN PART;

The Change of Plea Hearing set for October 7, 2021 at 11:30 a.m. is VACATED AND RESET to November 18, 2021 at 1:30 p.m. and will be conducted by VTC, or by telephone conference if VTC is not reasonably available. The Court will confirm Defendant's consent to proceeding in this manner on the record at the hearing;

Counsel are directed to contact the Courtroom Deputy (patricia_glover@cod.uscourts.gov) via email no later than three business days before the hearing for instructions on how to proceed by VTC;

Signed copies of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty must be delivered to the Courtroom Deputy (patricia_glover@cod.uscourts.gov) and Judge Domenico's chambers (domenico_chambers@cod.uscourts.gov) via email no later than the time of the hearing pursuant to Local Criminal Rule 11.1(e);

Defense counsel must ensure that reliable video conferencing arrangements are made for the Defendant from a room where there will be no interruptions and that has a connection with sufficient bandwidth.

- 4 -

- 5 -

In the event that Defendant's release on bond is revoked before the hearing, the U.S. Marshal's Service is directed to ensure that Defendant will be available to participate in the hearing from the detention facility where he is housed;

Members of the public may attend the Change of Plea Hearing by teleconference at (866) 390-1828, using Access Code 9792296#; and

All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner.

DATED: September 30, 2021    BY THE COURT:

_____
Hon. Daniel D. Domenico