## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL AARON TEW,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

     Defendants.

---

## ORDER DENYING MOTION TO CONTINUE

---

Before the court is Defendant Kimberley Tew's motion to continue the trial date in this case by ninety days and to exclude that period of delay when computing the time within which her trial must commence under the Speedy Trial Act. Doc. 374. For the following reasons, the court finds that Ms. Tew has not shown that continuance is warranted, and the motion is denied.

### PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. On February 3, 2021, an indictment was handed down as to all defendants, including Mr. and Ms. Tew.

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Ms. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February

11, 2021, the court entered an order setting trial to commence on April 19, 2021. Doc. 101. The court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial (Doc. 101) and shortly thereafter excluded another 180 days for an Ends of Justice Continuance. Doc. 116. Defendants subsequently filed motions to exclude twelve months, ninety days, ninety days, and one hundred and eighty days from this time calculation, which the court granted. Docs. 143, 149, 165, 174, 165, 174, 193. On December 28, 2022, Mr. and Ms. Tew moved for the appointment of separate counsel, (Doc. 288), which the court granted. Doc. 289. Mr. Tew's current primary counsel entered his appearance on January 31, 2023, and Ms. Tew's current primary counsel entered his appearance on January 3, 2023. Docs. 290, 308.

On March 13, 2023, Ms. Tew filed another motion to continue, asking that the court exclude sufficient time "to allow for the scheduling of trial in February of 2024." Doc. 315 at 4. The court granted that motion on March 17, 2023, excluded 329 days from the computation of Ms. Tew's Speedy Trial Act time, and set trial to commence on February 5, 2024. Doc. 317. Ms. Tew filed the instant motion on January 24, 2024—12 days before trial is set to commence and months after the motions deadline. *See* Doc. 336 (motion requesting extension of motions deadlines); Doc. 338 (order extending motions deadline to October 13, 2023); Doc. 374 (Ms. Tew's motion to continue).

## APPLICABLE LAW

When evaluating a request to continue a trial, the court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and

- 2 -

the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> . . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so

> complex as to fall within clause (ii), would deny the defend-
> ant reasonable time to obtain counsel, would unreasonably
> deny the defendant or the Government continuity of coun-
> sel, or would deny counsel for the defendant or the attorney
> for the Government the reasonable time necessary for ef-
> fective preparation, taking into account the exercise of due
> diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Ms. Tew's counsel requests a continuance because he states that he needs more time to evaluate certain data relating to an iCloud account attributed to both Mr. and Ms. Tew. Doc. 374 at 1-3. Ms. Tew's counsel suggests that he might consider retaining an expert for "assistance to efficiently and competently evaluate the amount of dat[a] to be reviewed." *Id.* at 3.

The court finds that the *West* factors do not support granting a continuance. First, this purported issue has not been addressed diligently. As the government notes, Ms. Tew presumably had access to this account even before the start of this case nearly four years ago. Even once this case started, the government specifically raised this issue at least as early as the filing of its *James* log on December 5, 2023 (pursuant to a delayed briefing schedule that the parties jointly sought, Docs. 339, 340). The government also provided courtesy copies of all relevant text messages on December 14, 2023 ahead of the *James* hearing. Prior to and at the *James* hearing, neither defendant raised any specific issue about attribution of the "Kley" iCloud account. And even when the government contemporaneously moved *in limine* to admit these messages, Doc. 345, Ms. Tew did not raise any such specific objection.

Second, Ms. Tew has not shown that a three-month continuance would accomplish any purported need for the continuance. Ms. Tew suggests that there may be issues of attribution because Mr. and Ms. Tew may have both used this account to communicate with others. Perhaps, but it is not explained how expert assistance would aid in teasing out who (between Mr. and Ms. Tew) authored certain messages, assuming they both had access to the account, or why such efforts could not be (or have been) accomplished without a continuance. Ms. Tew will be able to attack the reliability of these text messages even though a large majority of them likely will be admitted, all as discussed in the court's orders regarding co-conspirator statements and authentication. Docs. 361 and 367.

Third, a delay at this late hour would cause significant prejudice to the court, the government, and many third-party witnesses who are scheduled to give testimony next week and the week after. And Ms. Tew has not adequately explained why this request could not have been made sooner, particularly where it appears that counsel noticed this issue prior to the *James* hearing.

Fourth, Ms. Tew has not shown how she would suffer meaningful— let alone material—prejudice absent a continuance here. *See United States v. Pursley*, 577 F.3d 1204, 1228-29 (10th Cir. 2009). As discussed above, the court sees little benefit from enlisting expert assistance to evaluate who, between Mr. and Ms. Tew, sent certain messages from one account in this case. As the government notes, the wider issues surrounding this account have largely been litigated and resolved by the court's two orders on co-conspirator statements and authentication issues, Docs. 361 and 367. This issue also does not implicate the vast majority of the evidence and arguments that the court anticipates will be

presented at trial. And even as to this particular iCloud account, Ms. Tew will have ample opportunity to attack this evidence at trial.

Therefore, after careful consideration of the *West* factors, the court finds that Ms. Tew has not shown that a continuance is warranted. *See United States v. Orr*, 692 F.3d 1079, 1101 (10th Cir. 2012) (affirming denial of motion for continuance where defendant claimed that trying the case had become "complex" due to alleged "late-developing changes").

## CONCLUSION

Ms. Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days, **Doc. 374**, is **DENIED**. The trial will proceed on February 5, 2024, as scheduled.

DATED: January 31, 2024                    BY THE COURT:

Daniel D. Domenico
United States District Judge